CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED

JUL 03 2008

JOHN F. CORCORAN, CLERK
BY: /s/ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | | |
|---|---|---|
| ANGELA M. SEAL, | ) | CASE NO. 3:07CV00017 |
| Plaintiff, | ) | |
| v. | ) | MEMORANDUM OPINION |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) | By: B. Waugh Crigler<br>U. S. Magistrate Judge |
| Defendant. | ) | |

This action is before the undersigned on plaintiff's May 20, 2008 motion for attorney's fees under the Equal Access To Justice Act ("EAJA"), 28 U.S.C. § 2412, seeking an award of $3,416.00 for 27.33 hours of counsel's service to plaintiff. The Commissioner filed a brief in opposition asserting that his position in the case was substantially justified, or, in the alternative, that the number of hours plaintiff's counsel is requesting is excessive, and that an award, if any, should be made to plaintiff, not her counsel. (Dkt. No. 23.) Plaintiff has filed her "Response To Defendant's Brief In Opposition" ("Pl.'s Response"). (Dkt. No 26.)

Plaintiff sought judicial review of a final decision of the Commissioner denying her applications for a period of disability, disability insurance benefits, and supplemental security income. On December 19, 2007, the undersigned issued a Report recommending that the case be remanded for further proceedings. The presiding District Judge adopted the Report in its entirety. (Dkt. No. 19.)

Plaintiff, as the prevailing party, would be entitled to collect fees from the government under the EAJA, unless the Commissioner's position was "substantially justified" or special circumstances render an award "unjust." *See* 28 U.S.C. § 2412(d)(1)(A); *Crawford v. Sullivan*,

935 F.2d 655, 656 (4th Cir. 1991). The Commissioner has the burden of showing substantial justification in order to avoid the award of such fees. *Purcell v. Barnhart*, No. 5:05CV00030, 2006 WL 2222681, at *1 (W.D.Va. August 3, 2006)(Conrad, J.); *see Tyler Bus. Servs., Inc. v. N.L.R.B.*, 695 F.2d 73, 75 (4th Cir. 1982). "Substantially justified" means that there is a "genuine dispute" or that "reasonable people could differ" as to the propriety of the contested action. *Pierce v. Underwood*, 487 U.S. 552, 565-66 (1988). The court will look to the totality of the circumstances to determine whether the government's litigation stance was reasonable, considering the government's reasonable objectives, and the extent to which the government's misconduct departed from them. *Roanoke River Basis Ass'n v. Hudson*, 991 F.2d 132, 139 (4th Cir. 1993).

The Commissioner does not challenge whether plaintiff was a "prevailing party" under the EAJA. Thus, she has established a threshold basis for seeking fees under the EAJA in the first instance. Instead, the Commissioner reminds the court that this is not a case where the claimant prevailed on the merits of her underlying claim for benefits, but prevailed only in securing a remand for further proceedings. Citing *Crawford*, the Commissioner also argues that he is not automatically liable for EAJA fees just because his decision was found not to be supported by substantial evidence. Rather, he suggests that his counsel's reliance on an arguably defensible administrative record would be sufficient to substantially justify a litigation stance, though not sufficient to prevail in the end. In other words, the Commissioner contends that just because he might have been wrong, his position, nevertheless, would be substantially justified where there was an arguably defensible position to have taken before the court.

Plaintiff disagrees, pointing out that the court found the Commissioner to have

2

inadequately adjudicated the claim in the first instance. (Pl.'s Response at 2.) She asserts, in turn, that the Commissioner's failure to provide a full and appropriate adjudication should never be deemed justified.

The Commissioner also has advanced a rather lengthy and detailed analysis of the evidence in an effort to show why his litigation stance was reasonable. In large measure, this is a reprise of the brief filed in the underlying action, retooled a bit in light of the court's decision.

Unfortunately, the Commissioner does not seem to understand his error in the administrative proceedings any more now than when the court reversed his final decision and remanded for further proceedings. Simply put, the Commissioner failed to ensure that the administrative proceedings were conducted at the final sequential level in a way satisfying the basic requirements of his own regulations, as those requirements have been applied in the decisional authority of this Circuit. In this court's view, the Commissioner's pressing forward on judicial review in full-scale opposition to the plaintiff in light of such failure cannot be substantially justified.[1] His objections on these grounds are overruled.

The Commissioner also complains that the time spent by plaintiff's counsel is excessive, and he offers his line item objections in the opposition papers. The objections to a charge of thirty minutes for filing apparently duplicate pleadings and to the charge for another thirty minutes for filing a return of service hereby are sustained. (Def's Brief, p. 10.)

Plaintiff takes the position that there is more to filing paperwork in these cases than tendering a one page complaint. (Pl.'s Response at 2.) She further observes that not all counsel

---

[1] The Commissioner has not argued that there are "special circumstances" upon which the court should decline to award EAJA fees, even if he failed to show substantial justification.

3

have the luxury of staffing enjoyed by the Commissioner, and what he may deem "clerical" is performed by counsel herself in a one-person office. She does not believe that renders the work any less important to the outcome.

The court declines to award compensation for any duplication of efforts, and will deduct one hour from plaintiff's claim as suggested by the Commissioner.

The Commissioner also complains that the eighteen hours spent on plaintiff's brief is excessive, claiming that Social Security litigation is one of the simplest forms in the courts, and that the issues presented here were not novel, but the most basic issues in this area of the law. It is here that the Commissioner's argument turn on itself, and he simply protests himself into a corner. The docket of this court reflects that the Commissioner's brief supporting his motion for summary judgment was some twenty pages long, and the substantive portion of his brief on the fee issue is some thirteen pages. (Dkt. Nos. 17, 23.) The court concedes that there may be simple principles at stake. By the same token, it equally appears to the undersigned that the Commissioner's staunch opposition at every conceivable of this case turned what otherwise might be seen as the routine into the more complex. It certainly precipitated brief writing that, otherwise, could have been avoidable. The court does not view the eighteen hours claimed by plaintiff's counsel for writing and filing the brief to be unreasonable on its face in view of the litigation position taken by the Commissioner. Moreover, the court is not inclined to allow the Commissioner to apply his own subjective standards in a manner which brackets the amount of time a claimant's counsel reasonably might need to spend on briefing a case. This is especially so where, as here, plaintiff's counsel is a single practitioner without well-staffed clerical support.

The Commissioner's objections on these grounds are overruled.[2]

Finally, the Commissioner seems to have developed a new-found concern for plaintiff's finances after opposing for so long her claim for benefits. Here that concern is expressed as an objection to the payment of any EAJA award directly to counsel instead of the plaintiff. Interestingly, the cases upon which the Commissioner premises this argument, including *Gilbrook v. City of Westminster*, 177 F.3d 839, 875 (9th Cir. 1999) and *Evans v. Jeff D.*, 475 U.S. 717, 732 n.19 (1986), involved awards of attorney's fees under the Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. § 1988, not the EAJA.

The Commissioner's efforts to import § 1988 principles to the EAJA ignores the fact that fees under the EAJA at this stage of the litigation are designed to compensate counsel for efforts expended on behalf of the claimant even if the claimant ultimately does not prevail on the merits after remand proceedings. From a practical standpoint, if the fee award were payable to the claimant, then it would be subject to any setoff, liens or judgments which might be asserted against the claimant, thereby entirely depriving counsel of the very fees she has earned and to which she is entitled under the EAJA.

The undersigned is not inclined to import § 1988 principles where the undersigned cannot find that Congress has made them fit. The assertion by the Commissioner that payments under the EAJA should be made to the claimant and not counsel also runs counter to the long-standing practice which has been employed until recently. Moreover, such payments would frustrate the remedial effects of the EAJA and provide an unexpected windfall to the plaintiff. In the end, this

---

[2] The court, likewise, overrules the Commissioner's objections directed toward entries he believes were "clerical" in nature. It is noted that Ms. McKie is a solo practitioner without the bureaucratic support the Commissioner, or even some lesser-staffed law firm might enjoy.

5

court is not inclined to permit the Commissioner to exercise a supervisory role over the allocation of awarded fees where the undersigned does not believe Congress has granted him the authority to do so.

The court need not resolve the controversy, as it has become moot. Filed as an attachment to plaintiff's Response is a copy of plaintiff's assignment to her counsel of any funds collected under the EAJA. (Dkt. No. 26, Attachment 1.) Such assignment is both effective and ethical and should end any concern the Commissioner has for the plaintiff's fisc. His objection to the direct payment of EAJA fees to plaintiff's counsel is overruled.

Thus, an Order will enter GRANTING, in all but one respect, plaintiff's motion for the award of attorney's fees under the EAJA, and awarding her the sum of $3,291.25 ($125.00 x 26.33 hours rather than 27.33 hours as claimed). Payment is to be made to plaintiff's counsel.

The Clerk is directed to send a certified copy of this Memorandum Opinion to all counsel of record.

ENTERED: /s/ 
U.S. Magistrate Judge

Date: July 3, 2008